*E-Filed 4/8/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEONARD ROSS, II, | No. C 11-2806 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| G. SWARTHOUT, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. For the reasons set forth below, his petition for such relief is DENIED.

## BACKGROUND

In 2008, a Santa Clara County Superior Court jury convicted petitioner of battery and assault, consequent to which he was sentenced to a term of 36 years-to-life in state prison.[1] Petitioner was denied relief on state judicial review. This federal habeas petition followed.

---

[1] This was his second trial on these charges. His first conviction was reversed on appeal. (Ans., Ex. 2 at 1.)

Evidence presented at trial showed that in 2004, petitioner punched an adult female in response to her slapping him during an argument. He punched her about 15 times on the left side of her face. It took the efforts of a 300-pound man to pull petitioner away from the victim, who required surgery to treat her injuries. As grounds for federal habeas relief, petitioner claims that the trial court's self-defense instruction (CALCRIM No. 3470) inaccurately stated the law and therefore its presentation to the jury violated his right to due process.

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000), while the second prong applies to decisions based on factual determinations. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Under the first prong, a state court decision will be deemed contrary to clearly established federal law only if "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams,* 529 U.S. at 412–13. A state court decision will be deemed an unreasonable application of clearly established federal law "if the state court identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d]

that principle to the facts of the prisoner's case." *Id.* at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 411.

## DISCUSSION

Petitioner claims that the trial court's use of CALCRIM No. 3470 denied him the privilege of self-defense because it misstated the law.[2]  He argues, specifically, that it (1) conveyed the impression that self-defense is available only to one facing an imminent battery and not an imminent assault, and (2) left the jury to determine only whether the amount of force used, and not the means by which that force was applied, was reasonable.  The state appellate court, however, concluded that the instruction was a correct statement of the law.  (Ans., Ex. 2 at 6.)

Habeas relief is not warranted here.  First, the state appellate court's interpretation that the instruction correctly stated California law binds this federal habeas court.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  That ends the matter.

Second, even if that were not the end of the matter, the instruction is not reasonably susceptible to petitioner's interpretation.  In California, the privilege of self-defense serves to protect those persons who, having reasonably perceived an imminent harm to their person, use force that is reasonably necessary to defend themselves from injury.  *See People v. Minifie*, 13 Cal. 4th 1055, 1064–65 (Cal. 1996).  As embodied in CALCRIM No. 3470, the privilege of self-defense is available to any actor who (1) reasonably perceived imminent harm to his person, (2) reasonably believed that the use of force was necessary to defend against that harm, and (3) used no more force than was reasonably necessary to defend himself from injury.

---

[2] Defense counsel proposed the giving of the standard form of CALJIC No. 3470, proposing no changes and offering no objection to its wording.  (Ans., Ex. 4 at 650–51.)  In closing argument, he noted the requirements CALCRIM No. 3470 embodies.  (*Id.* at 995–97.)

1    Contrary to petitioner's claim, CALCRIM No. 3470 did not convey the impression
2 that self-defense is available only to one who acts in response to a threatened battery and not
3 a threatened assault. As the state appellate court noted, "technical distinction between assault
4 and battery, which is central to [petitioner's] argument, has no apparent bearing on the right
5 of self-defense." (Ans., Ex. 2 at 6.) Therefore, "the jury was quite properly told [that] the
6 right of self-defense arises from a reasonable belief on the defendant's part that he is in
7 imminent danger of suffering bodily injury . . . Nothing in this language, or in the law it is
8 intended to reflect, requires the jury to find either an imminent battery or an attempted
9 assault." (*Id.* at 6–7.) Petitioner's suggested embellishments to the instruction "could only
10 have confused the jury." (*Id.* at 9.)

11    Also, CALCRIM No. 3470 does not forbid the jury from considering whether the
12 means used to inflict force was reasonable. In fact, case law supports the jury's
13 consideration of the means: "for a claim of self-defense to be sustained, the means employed
14 must have been reasonable." (*Id.* at 11.) Such consideration, however, "would be subsumed
15 by the more traditional question of reasonable force." (*Id.* at 12) (italics omitted). Thus, the
16 instruction did not require that the jury in this case evaluate only the amount of force
17 petitioner used, or exclude its consideration of the means used.

18    In sum, because the state appellate court's determination of state law binds this Court,
19 and because CALCRIM No. 3470 did not misstate the law or otherwise mislead the jury, its
20 application in this case did not result in a violation of due process. Because there was no
21 constitutional violation, the state court's decision was reasonable and is entitled to AEDPA
22 deference. Accordingly, petitioner's claim is DENIED.

## CONCLUSION

24    The state court's denial of petitioner's claims did not result in a decision that was
25 contrary to, nor an unreasonable application of, clearly established federal law, nor did it
26 result in a decision that was based on an unreasonable determination of the facts in light of
27 the evidence presented in the state court proceeding. Therefore, this petition is DENIED.
28

No. C 11-2806 RS (PR)
ORDER DENYING HABEAS PETITION

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.  The Clerk shall enter judgment in favor of respondent and close the file.

Petitioner has filed a motion for discovery.  (Docket No. 20.)  However, his motion does not request additional time to conduct discovery, nor does it specify the evidence he seeks.  Rather, the motion appears to contain an additional claim.

Petitioner was required to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground" in his petition.  Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  If he wishes to amend his petition, he must seek the permission of this Court.  *Mayle v. Felix*, 545 U.S. 644, 654–55 (2005) (citing Fed. R. Civ. P. 15(a)).  Insofar as it is a motion to amend the petition, it is DENIED.  Petitioner has shown no grounds justifying such a late amendment.  Insofar as it is a discovery motion, it is DENIED.  The Clerk shall terminate Docket No. 20, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

DATED: April 8, 2013

RICHARD SEEBORG
United States District Judge